# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**David Pino** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **1:10CR00756-001JB**<br>USM Number: **07960-051**<br>Defense Attorney: **Susan Dunleavy, Appointed** |

THE DEFENDANT:

☒ pleaded guilty to count(s) **Information**
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☐ after a plea of not guilty was found guilty on count(s)

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 18 U.S.C. Sec. 2241(a), 18 U.S.C. Sec. 2246(2)(A) | Aggravated Sexual Abuse, Crime on an Indian Reservation, 18 U.S.C. Sec. 1153 | 06/30/2008 | |

The defendant is sentenced as provided in pages 2 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**December 22, 2010**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**January 31, 2011**
Date Signed

Defendant: **David Pino**
Case Number: **1:10CR00756-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **240 months**.

**The Court has considered and reviewed the Presentence Investigation Report ("PSR") and its factual findings with care. There being no objections to the PSR and its factual findings, the Court will adopt those as its own, with the addition made at the hearing on December 22, 2010 to paragraph 24 of the PSR -- that Defendant David Pino agrees with the information set forth in the offense conduct but clarifies that the penis to vulva contact involved slight penetration rather than full penetration. The Court has considered the factors set forth in 18 U.S.C. § 3553(a). After a three level reduction for acceptance of responsibility, Pino`s offense level is 37 and his criminal history category is V, establishing a guideline imprisonment range of 324 to 405 months. Under rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, however, the Court accepts the plea agreement, which stipulates to a sentence of 240 months. The plea agreement varies substantially from the guideline sentence, but the Court is satisfied that the agreed-upon sentence varies for justifiable reasons. The Court`s judgment and sentence will be consistent with the plea agreement. The Court notes that Pino sexually abused a minor victim less than twelve years of age over the course of six years. The victim has done exceptionally well, despite Pino`s abuse, and despite her current family situation. The victim has indicated a desire to move on with her life and believes that 20 years is an appropriate sentence. The United States thus faced evidentiary issues in prosecuting the case. The victim`s mother is not capable of forming verbal sentences, because of her drug use and experiences with domestic violence. It is also difficult to obtain information from the victim`s mother about the time period in which Pino abused the victim, because, at the time, the victim`s mother was in a drug-induced state. Furthermore, Pino`s health is fragile, because of his cardiac condition, and a 20-year sentence may be a life sentence for him.**

**The Court has considered the guidelines, but in arriving at a sentence, the Court has taken into account not only the guidelines but other sentencing goals as well. Specifically, the Court has considered the guideline sentencing range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment set forth in the guidelines is not appropriate for this sort of offense. The Court agrees with the parties that a 240-month sentence reflects the seriousness of the offense. Given Pino`s age and health, the Court believes that a sentence of 240 months is sufficient to promote respect for the law. The Court also believes that a sentence of 240 months will provide just punishment. As the Court has indicated in prior opinions, evidentiary problems with the United States` case is grounds for a variance. The Court has indicated that it is better that a defendant face some punishment than none at all. The Court believes this statement holds true in this case, especially given the gravity of the crime that Pino committed. The Court believes that a sentence of 240 months provides a just punishment. The Court also believes that, while the variance is substantial, it affords adequate deterrence at a specific level for Pino. The Court believes that the sentence is also long enough to provide adequate deterrence to the public. Given Pino`s age, the sentence is sufficiently long to protect the public. He is currently sixty-one years old. Because of some conditions that the Court will impose as part of supervised release, the Court believes that the sentence will provide Pino with the education, training, and care that he needs to deal with the problems that he has. The Court concludes that a 240-month sentence fully and effectively reflects each of the factors set forth in 18 U.S.C. § 3553(a). And while the Court`s task as a trial court is not to come up with a reasonable sentence, but to balance the 18 U.S.C. § 3553(a) factors correctly, see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).")(citation omitted), the Court believes that a sentence of 240 months is a reasonable sentence. The Court concludes that this sentence is sufficient without being grater than necessary to comply with the purposes set forth in the Sentencing Reform Act. Given Pino`s age and health, the parsimony clause is the most important factor in providing for a sentence that may actually be longer than Pino`s actual life expectancy.**

☒ The court makes the following recommendations to the Bureau of Prisons:

    **The Court recommends the Bureau of Prisons sex offender program.**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
    ☐    at   on
    ☐    as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐  before 2 p.m. on
☐  as notified by the United States Marshal
☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:


Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Defendant: **David Pino**
Case Number: **1:10CR00756-001JB**

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **5 years** .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable).
- ☒ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Criminal Monetary Penalties sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;
14) the defendant shall immediately register as a sex offender at the Sheriff's Office or designated agency in the permanent or temporary county of residence and in accordance with all registration requirements in local, state and federal laws;
15) the defendant shall grant a limited waiver of his/her right of confidentiality and any records of mental health treatment imposed as a consequence of this judgment to allow the treatment provider to provide information to the probation officer and sign all necessary releases to enable the probation officer to monitor the defendant's progress. The probation officer shall disclose the presentence report and/or any previous sex offender or mental health evaluations to the treatment provider;
16) the defendant shall not possess any materials including any photographs, images, books, writings, drawings, videos, or video games depicting and/or describing sexually explicit conduct or describing child pornography, as defined in 18 U.S.C. 2256(2) or 18 U.S.C. 2256(8);

17) the defendant shall submit to search of person, property, vehicles, business, computers, and residence, to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting sexually explicit material, as defined in 18 U.S.C. 2256(2) or 18 U.S.C. 2256(8); and at the direction of the probation officer. The defendant must inform any residents that the premises may be subject to a search;
18) the defendant shall immediately undergo a psychosexual evaluation upon release and begin participating in sex offender treatment, consistent with the recommendations of the psychosexual evaluation. Furthermore, the defendant shall submit to clinical polygraph testing and any other specific sex offender testing, as directed by the probation officer;
19) the defendant shall participate in a mental health program as directed by the probation officer which may include taking prescribed medication;
20) a defendant's use and/or possession of alcohol may be restricted if recommended by the treatment provider as a result of ongoing treatment;
21) the defendant shall not go near or enter the premises where the victim resides or is employed, except under circumstances approved in advance and in writing by the probation officer;
22) the defendant shall not have any direct or indirect contact or communication with the victim, except under circumstances approved in advance and in writing by the probation officer;

Defendant: **David Pino**
Case Number: **1:10CR00756-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant shall not possess, have under his control, or have access to any firearm, ammunition, explosive device, or other dangerous weapons, as defined by federal, state, or local law.**

**The defendant must participate in and successfully complete a substance abuse treatment program which may include drug testing, outpatient counseling, or residential placement. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing as determined by the Probation Office.**

**The defendant must submit to a search of his person, property, or automobile under his control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting weapons, alcohol, sexually explicit material, or any other contraband at the direction of the probation officer. He must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants. He must not frequent places where alcohol is the primary item for sale.**

**The defendant must participate in and successfully complete a mental health treatment program, which may include outpatient counseling, residential placement, or prescribed medication as approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment as determined by the Probation Office.**

**The defendant must not have contact with children under the age of 18 without prior written permission of the probation officer. He must immediately report unauthorized contact with children to the probation officer.**

**The defendant is restricted from engaging in an occupation where he has access to children, without prior approval of the probation officer.**

**The defendant must not loiter within 100 feet of school yards, parks, playgrounds, arcades, or other places used primarily by children under the age of 18.**

**The defendant must not volunteer for any activities in which he supervises children or adults with mental or physical disabilities.**

**The defendant must not have contact with the victim or victim`s family at any time.**

**The defendant shall reside at and complete a program at a Residential Re-Entry Center for a period of up to 6 months if deemed appropriate and as directed by the probation officer.**

Defendant: **David Pino**
Case Number: **1:10CR00756-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.

☐     The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | Assessment | Fine | Restitution |
|---|---|---|---|
| | $100.00 | $0.00 | $0.00 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

A    ☒   In full immediately; or

B    ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

**The Mandatory Victim Restitution Act of 1996 is applicable in this case. The Court notes the victim is not requesting restitution in this case. Therefore, an order of restitution will not be made at this time.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.